HAL COMMODITY CYCLES MANAGE-
MENT CO., an Arizona Corporation,
Plaintiff-Appellee,

v.

Riva KIRSH, Defendant-Appellant.

No. 86–2031.

United States Court of Appeals,
Seventh Circuit.

Argued March 3, 1987.

Decided July 29, 1987.

Philip A. Prossnitz, Law Office of Philip
A. Prossnitz, Chicago, Ill., for defendant-
appellant.

Nicholas P. Iavarone, Bellows & Bellows,
Chicago, Ill., for plaintiff-appellee.

Before WOOD, RIPPLE, and
MANION, Circuit Judges.

MANION, Circuit Judge.

In 1982, plaintiff, Hal Commodity Cycles
Management Co. ("Halco"), an Arizona cor-
poration, brought an action against defend-
ant, Riva Kirsh, a citizen of Toronto, Cana-
da. The complaint alleged that Kirsh had
fraudulently induced Halco[1] to permit her
to open, withdraw funds from, and trade
on, a commodity futures trading account.
Three years later, when Kirsh failed to
appear at the final pretrial conference, the
district judge ordered entry of a default
judgment against her. Kirsh filed a mo-
tion to vacate the judgment pursuant to
Fed.R.Civ.P. 60(b)(1). The district court de-
nied the motion. Kirsh appeals.

### I. Proceedings Below

Throughout the course of this litigation,
Kirsh has strained the patience of her op-
ponents, her attorneys, and the district
court. Halco filed this action on July 9,
1982 and attempted to serve Kirsh twice
during the following year. Kirsh was suc-
cessful in resisting service on both occa-
sions. All good things must come to an
end, however. Finding that Kirsh was
evading service, the district court ordered
that Kirsh be served by mail. Based on

---

1. Actually, the complaint alleged that Kirsh de-
frauded Halco's assignor, Rouse Woodstock,
Inc. For simplicity, however, we will refer only
to Halco.

our review of the record, we do not think the district judge guilty of exaggeration when he later stated: "I've been a trial judge now for a number of years ... and I've never seen anyone seek to evade and avoid court process as this defendant has."

Unfortunately for the district court, Kirsh's conduct in avoiding service was a mere preview of things to come. Without going into painful detail, the record is replete with instances of dilatory conduct on Kirsh's part as well as a complete lack of respect for the orderly process of the court. Kirsh continually failed to honor court deadlines, respond to discovery requests, respond to motions, and attend scheduled conferences. Further exacerbating the delays in the litigation was her inability to cooperate with her own counsel. Prior to the entry of the default judgment against her, two different attorneys withdrew their representation of Kirsh.

The events leading up to entry of the default judgment were set in motion in April of 1985. On April 17, with the final pretrial order due on May 1, Halco moved to set a status hearing and compel Kirsh's attendance. Halco stated that she had failed to respond to motions, appear at status conferences, or participate in the preparation of the pretrial order. The court set a hearing for May 9 and ordered Kirsh to attend or suffer sanctions. On that date, her second attorney filed an appearance; the court held the hearing and ordered the final pretrial order to be submitted on June 5.

On June 4, 1985, three years after Halco filed its complaint, and the day before the final pretrial order was due, Kirsh's second attorney filed a motion to withdraw as counsel. He stated that Kirsh had failed to respond to his attempts to contact her by telephone and mail. The court granted the motion and issued an order directing Kirsh to appear, either in person or by counsel, at a final pretrial conference at 4:30 p.m. on June 25, 1985. The order warned Kirsh that if she did not do so a default judgment would be entered against her. A copy of the minute order was mailed to Kirsh. On June 25, she failed to appear. On plain-tiff's motion, the court entered judgment against Kirsh in the amount of $34,987.90 plus costs.

On July 18, 1985, Kirsh filed a motion to vacate the default judgment pursuant to Fed.R.Civ.P. 60(b)(1) on the ground that her default was the product of excusable neglect. In support of her motion, Kirsh attached the affidavit of her doctor, stating that he had treated her for Menier's disease (a disease which apparently causes dizziness) on June 17. According to the affidavit, he had told Kirsh to stay in bed and not travel for the next two weeks.

The district court held a hearing on the motion to vacate the default judgment. At the hearing, Kirsh testified that: 1) she had never received notice that a default judgment would be entered against her if she did not appear at the June 25 conference; 2) although she had made airline reservations in the hope that she would be able to appear in person, she was unable to do so because she was bedridden; 3) she contacted four attorneys between June 4 and June 25 seeking representation; and 4) one of them, a Chicago attorney, had assured her by telephone that he would represent her at the conference.

After considering all the evidence presented at the hearing and the inferences to be drawn from that evidence, the district court denied Kirsh's motion to vacate the default judgment. The district court concluded that Kirsh's default was willful, that she had no meritorious defense, and that granting the motion would result in prejudice to the plaintiff. In reaching these conclusions the district court noted that Kirsh "was vague and evasive in answering questions, failing to recall matters that would be expected to be recalled by her" and found that "much of [Kirsh's] testimony [was] not believable on a number of important points."

Of particular relevance to this appeal is the district court's finding that Kirsh's failure to appear at the June 25 hearing was willful. The court found that Kirsh deliberately chose not to appear in court and that this was a continuation of her prior litigation tactics. In so finding, it rejected

virtually all of her testimony concerning her failure to appear.

The district court disbelieved Kirsh's testimony that she did not receive notice from the court informing her that a default judgment would be entered against her if either she or counsel acting on her behalf did not attend the hearing on June 25. Rather, it credited the testimony of four other witnesses indicating that Kirsh had such notice. In addition, the court did not believe Kirsh's testimony that she was too ill to either obtain counsel or attend the pretrial hearing on June 25, 1985. The district court also rejected Kirsh's testimony that she had been told by an attorney that he would represent her at the June 25 hearing. Kirsh claimed that, in fact, she could prove the attorney had promised to represent her because she had taped their conversation. The attorney testified that he had not promised to represent Kirsh. When the district court ordered her to produce the tape, she was unable to do so; she claimed that the tape was "accidentally erased," an explanation that the court found incredible. In short, the district court resolved many contested issues of fact against Kirsh in concluding that her default was willful and denying her motion to vacate the default judgment.

## II. *Analysis*

A district court's denial of a Rule 60(b) motion to vacate a default judgment is subject to review only for abuse of discretion. *Tolliver v. Northrop Corp.*, 786 F.2d 316, 318–19 (7th Cir.1986); *Inryco, Inc. v. Metropolitan Engineering Co., Inc.*, 708 F.2d 1225, 1230 (7th Cir.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 347, 78 L.Ed.2d 313 (1983). Under this standard, an appellate court will not reverse the denial of Rule 60(b) relief when entry of the default judgment resulted from the defaulting party's willful refusal to comply with the minimum standards of conduct expected of all litigants. When "the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court, this circuit has repeatedly upheld the trial court's denial of a Rule 60(b) motion." *C.K.S. Engi-*

*neers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.1984).

### A. *Willfulness*

■ The district court explicitly found that Kirsh's default was willful. The first question for this court is whether that finding is clearly erroneous. *See Wright v. United States*, 809 F.2d 425, 428 (7th Cir. 1987) ("the clearly-erroneous rule ... embraces not only facts of the 'who did what to whom' variety but also legal inferences from those facts").

As noted above, the district court did not believe Kirsh's testimony "on a number of important points" and chose to credit the testimony of other, more believable witnesses. It rejected Kirsh's proffered reasons for not attending the pretrial conference and found that, in accordance with her prior litigation tactics, Kirsh deliberately failed to make an appearance. Kirsh essentially urges this court to ignore these findings and to accept her testimony at the Rule 60(b) hearing. She ignores the well-settled rule that a district court's findings, particularly its credibility determinations, are entitled to great deference on appeal. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985). After reviewing the record below, we hold that the district court's finding of willfulness is not clearly erroneous.

### B. *Less Drastic Sanctions*

Kirsh also argues that the district court's failure to use less drastic sanctions before entering a default judgment requires reversal. Indeed, at oral argument, Kirsh's counsel invited this court to adopt a rule that entry of a default judgment against a defendant without first attempting lesser measures always constitutes reversible error.

■ We agree that a default judgment is a drastic sanction. As we noted in *C.K.S. Engineers*, "this circuit has stated many times ... that defaults should be entered only when absolutely necessary, such as where less drastic sanctions have proven unavailing." 726 F.2d at 1206; *see also*

*Pasarella v. Hilton International Co.*, 810 F.2d 674, 677 (7th Cir.1987). In many cases, the imposition of less severe sanctions, such as the award of attorney's fees, may be "sufficiently effective in alerting an irresponsible litigant to the seriousness of his or her neglect, protecting the interests of the other litigants in the case, and vindicating the integrity of the court." *C.K.S. Engineers*, 726 F.2d at 1209. Nonetheless, we have not found the imposition of less drastic sanctions to be an absolute prerequisite to the entry of a default judgment. In *C.K.S. Engineers* itself the court affirmed the denial of a motion to vacate a default judgment even though the district court did not first apply other sanctions.

While the entry of a default judgment should be used sparingly, we see no need to impose a requirement that prevents a district court from imposing that sanction if, under the circumstances, it is warranted. The Federal Rules of Civil Procedure, as well as local rules of court, give ample notice to litigants of how to properly conduct themselves. A district court is not required to fire a warning shot; as this court stated in *C.K.S. Engineers*, "the district court must have the default judgment readily available within its arsenal of sanctions 'in order to ensure that litigants who are vigorously pursuing their cases are not hindered by those who are not.'" 726 F.2d at 1206 (quoting *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1230 (7th Cir. 1983)).

■ Although we would have preferred that some form of interim sanctions be imposed during the three years of delay, we cannot say that the imposition of a default judgment was unwarranted in this case. Throughout the course of the litigation Kirsh demonstrated complete disregard for the district court, for the orderly process of the litigation to which she was a party, and for those individuals waiting for their cases to be heard. Given the history of egregious dilatory conduct during three years of proceedings, the unexcused failure to appear on June 25 despite the order warning her to appear or default, and the district court's finding that her dealings with the court were less than honest, we hold that the district court acted within its discretion in entering the default judgment against Kirsh.

Litigation is not a contest to see how much trouble you can cause your opponents. Those who treat it as such do so at their peril.

**C. *Rule 38 Sanctions***

■ Finally, Halco requests that this court impose sanctions pursuant to Fed.R. App.P. 38. Other courts have awarded attorney's fees pursuant to Rule 38 for a frivolous appeal from a default judgment, *see Shearson Loeb Rhoades, Inc. v. Quinard*, 751 F.2d 1102 (9th Cir.1985), or from the denial of a motion to vacate a default judgment, *see Ralston Purina Co. v. Navieras de Canarias, S.A.*, 619 F.2d 152 (1st Cir.1980). We do not believe, however, that Rule 38 sanctions are appropriate in this case.

Although we have found Kirsh's arguments on appeal to be unpersuasive, we do not deem them to be frivolous. Kirsh had a default judgment of over $34,000 entered against her and presented substantial, even though nonmeritorious, arguments challenging the district court's ruling.

In denying Halco's request for sanctions, we are not unmindful of Kirsh's misconduct below. In some cases, such misconduct may be indicative of bad faith in prosecuting an appeal. *See Reis v. Morrison*, 807 F.2d 112, 113 (7th Cir.1986) (false response to interrogatory considered as an indication that appeal was taken in bad faith). The district court, however, is the appropriate forum within which to seek sanctions for misconduct occurring solely in that court; in fact, Halco sought and received attorney's fees below. There is no indication that this appeal was prosecuted in bad faith. Because the misconduct occurred below, not on appeal, we deny Halco's request for sanctions.

**III. *Conclusion***

For the reasons stated above, the district court's denial of the Rule 60(b)(1) motion is

AFFIRMED.