NORMA NADEN, Special Adm'r of the Estate of Jay Naden, Deceased, Plaintiff-Appellant, v. THE CELOTEX CORPORATION *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—88—1194

Opinion filed November 1, 1989.

William R. Fahey, of Robert J. Cooney & Associates, of Chicago, for appellant.

Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, Manya A. Pastalan, Kevin J. Babb, and Lloyd E. Williams, Jr., of counsel), for appellee Eagle-Picher Industries, Inc.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Daniel J. Cheely, John A. Krivicich, and Anne T. Stinneford, of counsel), for appellees Celotex Corporation, Flintkote Company, and Keene Corporation.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff Norma Naden appeals from an order of the circuit court granting summary judgment in favor of defendants Celotex Corporation (Celotex), Flintkote Company (Flintkote), Keene Corporation, and Eagle-Picher Industries, Inc. (E-P). Prior to oral arguments be-

fore this court, plaintiff and Keene Corporation entered into a settlement agreement. The case continues as to the other defendants.

On November 2, 1982, Jay Naden filed suit against a number of asbestos manufacturers alleging that between 1952 and 1976, he was employed at Commonwealth Edison's Waukegan Powerhouse, that during that time he was exposed to defendants' asbestos products, and that as a result of his exposure to their products, he had developed an asbestos-caused disease and had suffered permanent injuries and disabilities. In December 1982, Jay Naden died of mesothelioma and his widow, Norma Naden, was substituted as plaintiff in this action. In the following months, some defendants entered into settlements with plaintiff, others were voluntarily dismissed, and some were granted summary judgments.

In April 1987, the remaining defendants filed a motion for summary judgment alleging that plaintiff had been unable to adduce any evidence that defendants' products had been present at the Waukegan Powerhouse. Defendants' motion was based on plaintiff's deposition testimony that she had no knowledge of the products to which decedent was exposed and on statements by six of decedent's co-workers, most of whom had worked with decedent for 20 to 25 years. The co-workers stated that they and decedent had worked in the Waukegan Powerhouse machine shop, where they used asbestos products in insulating pipes and repairing turbines. The co-workers stated that among the asbestos products used were those manufactured by Johns-Manville Sales Corporation and Garlock, Inc. None of the co-workers identified defendants' products as among those used.

In her reply to defendants' motion, filed May 29, 1987, plaintiff pointed out that E-P and Flintkote had not responded to her interrogatories, and while Celotex had responded, it had not answered interrogatory No. 9, concerning sales of asbestos-containing products to the Waukegan Powerhouse during the years plaintiff's decedent was employed there. Plaintiff argued that summary judgment would be premature if granted before the interrogatories were fully answered.

On June 24, Celotex filed a response to interrogatory No. 9, on June 10, Flintkote filed answers to plaintiff's interrogatories, and on July 17, E-P filed its answers. On February 16, 1988, plaintiff filed a second response to defendants' motion in which she alleged that in responding to her interrogatories, defendants had failed to disclose various statements relating to decedent's exposure to their products which defendants had obtained in the course of discovery in other asbestos cases. Plaintiff again asserted that summary judgment should

not be granted until defendants fully complied with her discovery requests. Attached to plaintiff's response were answers to interrogatories obtained by plaintiff's attorney in 1982 in the course of his representation of Thomas Wessels, the plaintiff in an asbestos action filed against Johns-Manville and others.

On March 10, 1988, at the hearing on defendants' motion, plaintiff argued that Wessels' responses to interrogatories indicated that defendants' products were used in the Waukegan Powerhouse during the period decedent was employed there. In a written order granting defendants' motion, the trial court found that there was insufficient evidence that plaintiff's decedent was exposed to defendants' products.

Plaintiff appeals the trial court's decision on the ground that there existed a question of material fact concerning decedent's exposure to defendants' products. Plaintiff also argues that her inability to obtain the discovery requested from defendants prevented her from obtaining a full and fair hearing on the motion for summary judgment and that the trial court erred in failing to continue the hearing on defendants' motion until defendants had responded adequately to her discovery requests.

■■ ■ It is well settled that a trial court's decisions in determining the scope of discovery are a matter of the court's discretion and will not be reversed absent an abuse of that discretion. (*Audition Division, Ltd. v. Better Business Bureau of Metropolitan Chicago, Inc.* (1983), 120 Ill. App. 3d 254, 458 N.E.2d 115.) In the present case we find no abuse of discretion in the trial court's refusal to delay its ruling on defendants' motion for summary judgment to allow plaintiff to obtain further discovery.

In arguing that the trial court erred in not continuing the hearing on defendants' motion until defendants complied with her discovery requests, plaintiff relies on the answers to interrogatories by Thomas Wessels, which she attached to her second response to defendants' motion for summary judgment. Plaintiff contends that, in defending other asbestos cases, defendants may have obtained many other such documents or deposition transcripts containing similar information and that defendants should have disclosed these materials in their responses to her interrogatory concerning sales of asbestos to the Waukegan Powerhouse during the years decedent was employed there. Plaintiff's argument ignores the fact that the interrogatory in question, interrogatory No. 9, did not ask for materials of the type she now claims should have been disclosed.

■■ Interrogatory No. 9 asks:

"Did the Defendant sell either directly or indirectly any products containing asbestos fibers to Commonwealth Edison Company from 1952 to 1976?"

It cannot be seriously argued that this interrogatory should be read as requesting defendants to disclose responses to interrogatories or deposition transcripts from other actions filed against them.

In support of this conclusion it must be noted that, although the Wessels interrogatories had been in the possession of plaintiff's attorney since 1982 and although plaintiff's interrogatories were filed in April 1983, it was only in February 1988, nearly one year after defendants' motion for summary judgment was filed, nearly five years after her interrogatories were filed, and several months after defendants' responses to interrogatory No. 9 were filed, that plaintiff contended that she had requested materials such as deposition transcripts and responses to interrogatories obtained by defendants in other actions against them. Further, even if interrogatory No. 9 could be read as requesting this information, and we do not believe that to be the case, at no time in the years before the hearing on defendants' motion for summary judgment did plaintiff make any attempt to compel defendants to provide these materials; nor did plaintiff ever file any supplemental interrogatories or indicate in any other manner that she was seeking materials of this type.

It was not until February 1988, on the eve of the hearing on defendants' motion for summary judgment and after numerous continuances already had been granted, that plaintiff argued that defendants should be required to produce these materials. We believe that plaintiff's request was untimely, and we find that plaintiff's contention that the trial court erred in failing to continue the hearing on defendant's motion is without merit.

■ Also without merit is plaintiff's claim that there existed a question of material fact that precluded the granting of defendants' motion for summary judgment. A court may grant summary judgment when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2–1005.) In *Estate of Henderson v. W.R. Grace Co.* (1989), 185 Ill. App. 3d 523, 541 N.E.2d 805, the appellate court held that plaintiff's failure to identify any asbestos product of the defendant to which the decedent had been exposed provided a sufficient basis for the trial court to grant defendant's motion for summary judgment. In the present case, as in *Henderson*, there is nothing in the pleadings,

depositions, admissions, or affidavits on file that indicates that decedent's injuries were caused by exposure to defendant's products.

In arguing that summary judgment was improper, plaintiff contends that, although the only products decedent's co-workers recalled working with were those manufactured by Johns-Manville and Garlock, it can be inferred that other products were utilized by and in the vicinity of decedent. Plaintiff also argues that an invoice indicating that E-P shipped a one-quart sample of its product into the Waukegan Powerhouse during the period decedent was employed there and statements in the Wessels interrogatories, indicating that Wessels recalled working with products manufactured by defendants while employed as an independent contractor at the Powerhouse, provided sufficient evidence to preclude summary judgment. We do not agree.

Even if it can be inferred that other asbestos products were used by decedent, plaintiff has failed to provide any evidence from which we can conclude that there is a genuine issue of fact as to whether defendants' products were among those used. Such a conclusion certainly is not supported by the invoice showing that a one-quart sample of an E-P product was shipped to the Waukegan Powerhouse, when there is nothing to indicate that the sample or any other product manufactured by E-P was used in the machine shop where decedent worked. Nor is such a conclusion supported by the answers to interrogatories from the Wessels action, which indicate only that between 1947 and 1958, Wessels worked as an independent contractor at 15 different cites, including the Waukegan Powerhouse, and that during that time he used asbestos products manufactured by 16 different companies, including some manufactured by E-P and Celotex.

■ To recover in a products liability action, a plaintiff must establish that the injury complained of resulted from a condition of the product in question, that the condition was unreasonably dangerous, and that the condition existed when the product left the manufacturer's control. (*Hunt v. Blasius* (1978), 74 Ill. 2d 203, 384 N.E.2d 368.) These elements may be proven by direct or circumstantial evidence; however, liability cannot be based on mere speculation, guess, or conjecture. Therefore, when circumstantial evidence is relied on, the circumstances must justify an inference of probability as distinguished from mere possibility. *Mateika v. La Salle Thermogas Co.* (1981), 94 Ill. App. 3d 506, 418 N.E.2d 503.

■ In the present case, there is nothing that justifies an inference that decedent was exposed to defendants' products. The evi-

dence presented by plaintiff creates nothing more than a mere possibility of such exposure and, therefore, we find that the trial court properly granted defendants' motion for summary judgment.

For the foregoing reasons, the judgment of the circuit of Cook County is affirmed.

Affirmed.

FREEMAN, P.J.,* and CERDA, J., concur.

---

*Justice Freeman has listened to the tape and read the briefs in this appeal upon recusal of Justice Rizzi.