**Grace TRAGARZ, Individually and as Special Administratrix of the Estate of Henry Tragarz, deceased, Plaintiff,**

v.

**KEENE CORPORATION, et al., Defendants.**

**No. 88 C 6376.**

United States District Court, N.D. Illinois, E.D.

April 24, 1990.

835

Kathy Byrne, Cooney and Conway, Chicago, Ill., for plaintiff.

Jennifer Jerit Johnson, Tressler, Soderstrom, Maloney & Priess, Chicago, Ill., for defendant, The Flintkote Co.

Robert H. Riley, Schiff, Hardin & Waite, Chicago, Ill., for defendants Fibreboard Corp. and Owens–Ill., Inc.

Frank K. Heap, Ellen S. Kornichuk, Bell, Boyd & Lloyd, Chicago, Ill., for defendant W.R. Grace & Co.

Peter E. Carlson, Kelley Drye & Warren, Chicago, Ill., for defendant Owens–Corning Fiberglas Corp.

## ORDER

BUA, District Judge.

Plaintiff Grace Tragarz, special administratrix of the estate of Henry Tragarz, brings this lawsuit against numerous asbestos sellers, manufacturers, and distributors which were allegedly responsible for her husband's fatal exposure to asbestos. Several of the defendants moved for summary judgment, arguing that Tragarz failed to sufficiently identify the asbestos products to which he was exposed. This court referred defendants' motions to Magistrate Lefkow for a report and recommendation. In a report and recommendation dated December 4, 1989, the magistrate recommended that this court deny the motions for summary judgment of defendants Fibreboard Corporation ("Fibreboard"), Owens–Corning Fiberglas Corporation ("Owens–Corning"), Owens–Illinois, Inc. ("Owens–Illinois"), The Flintkote Company ("Flintkote"), and W.R. Grace & Company ("W.R. Grace"). The court subsequently adopted the magistrate's report and recommendation.

Based on a recent decision of the Illinois Appellate Court, see *Zimmer v. Celotex Corp.*, 192 Ill.App.3d 1088, 140 Ill.Dec. 230, 549 N.E.2d 881 (1st Dist.1989), defendants filed motions to reconsider. Those motions were also referred to Magistrate Lefkow. The magistrate issued her report on March 27, 1990, recommending that the court grant the motions to reconsider of defendants Fibreboard and Owens–Illinois, and deny the motions to reconsider of Flintkote, Owens–Corning, and W.R. Grace. For the

reasons stated herein, the court adopts the magistrate's report and recommendation with respect to Flintkote, Owens–Corning, Owens–Illinois, and W.R. Grace; the court declines to adopt the magistrate's recommendation with respect to Fibreboard.

### DISCUSSION

In an asbestosis case, a plaintiff cannot survive a motion for summary judgment without specifically identifying the asbestos products to which he was exposed. *Id.* at 1091, 140 Ill.Dec. at 233, 549 N.E.2d at 884; *Schultz v. Keene Corp.*, 729 F.Supp. 609, 613 (N.D.Ill.1990). The plaintiff can defeat the motion for summary judgment, however, by demonstrating that he worked with or in proximity to the defendant's asbestos products. *Zimmer*, 192 Ill.App.3d at 1091, 140 Ill.Dec. at 233, 549 N.E.2d at 884; *Schultz*, 729 F.Supp. at 613. In the absence of direct evidence of exposure to a particular defendant's asbestos products, the plaintiff can withstand a motion for summary judgment in either of two ways: 1) by providing testimony of co-workers who saw him working with or around the defendant's asbestos products or, 2) by identifying asbestos workers around whom he worked and those workers identify the products they used. *Schultz*, 729 F.Supp. at 613. But when the plaintiff relies upon circumstantial evidence, the mere possibility that he could have been exposed to a particular defendant's asbestos products is insufficient to preclude summary judgment—"the circumstances must justify an inference of probability." *Zimmer*, 192 Ill.App.3d at 1091, 140 Ill. Dec. at 232, 549 N.E.2d at 883.

### I. Fibreboard

Magistrate Lefkow concluded that there was no genuine issue of fact regarding Tragarz' alleged exposure to a Fibreboard asbestos product. This court disagrees. Although Tragarz himself never specifically identified a Fibreboard product, his claim is supported by the testimony of an asbestos worker named Lou Pauly. Pauly indicated that he regularly used Pabco pipecovering (an asbestos product manufactured by Fibreboard) at the Witco Chemical job site in the early 1960s. In his affidavit, Tragarz stated that he worked at Witco Chemical during this same time period. Significantly, Tragarz was not merely present at Witco Chemical during the relevant time period; he worked alongside the asbestos workers who were installing asbestos pipecovering. Based on this evidence, it would be inappropriate to grant Fibreboard's motion for summary judgment.

### II. Flintkote

Looking back upon his career as a sheet metal worker, Tragarz remembered working with asbestos floor tile and roofing paper manufactured by Flintkote. In fact, two of his co-workers, Frank Batka and Ed Severa, saw him working in close proximity to Flintkote floor tile and roofing paper. Tragarz, Batka, and Severa worked at the Darlings Stockyard work site—a site where asbestos worker Lou Pauly installed Flintkote asbestos roofing paper. Pauly also used Flintkote asbestos roofing paper at the Waukegan Powerhouse, Witco Chemical, and U.S. Steel job sites, where Tragarz worked in the 1960s and 1970s. At Witco Chemical, an asbestos worker named Michael Lavin used Flintkote Black Mastic Waterproofing. According to Pauly and Lavin, sheet metal workers such as Tragarz worked in the immediate vicinity of the asbestos workers. The court, therefore, finds that Tragarz has come forward with enough evidence to defeat Flintkote's motion for summary judgment.

### III. Owens–Corning

Tragarz alleges that he was exposed to Owens–Corning asbestos spray at the Civic Center job site. Asserting that it never manufactured asbestos spray, Owens–Corning seeks to avoid liability. Nevertheless, Tragarz has presented evidence of exposure to other asbestos products manufactured by Owens–Corning. Asbestos worker Michael Lavin did not only use asbestos spray at the Civic Center; he also used Owens–Corning Fiberglas Pipecovering and Hardboard, and Owens–Corning Fiberglas Blankets. Furthermore,

Tragarz claims that he was exposed to Owens–Corning Kaylo Pipecovering and Block while working at Witco Chemical, Fisk Street Powerhouse, and the Sherwin–Williams job sites. In light of the various Owens–Corning products that Tragarz identified, the court sees no reason to grant Owens–Corning's motion to reconsider.

### IV. Owens–Illinois

 Without any reference to specific job sites, Tragarz claims that he was exposed to Owens–Illinois products during the 1960s and 1970s. Such general assertions, standing alone, could not possibly survive a motion for summary judgment. *See id.* at 1091–92, 140 Ill.Dec. at 233, 549 N.E.2d at 884. But Tragarz also relies on the testimony of an asbestos worker who claims that he used Owens–Illinois asbestos products at the Fisk Street Powerhouse job site in 1956. Tragarz, however, did not work at that location until the 1970s. Even if Owens–Illinois products were present at this job site in the 1970s, there is nothing to suggest that Tragarz worked in close proximity to those products. The fact that Tragarz and a particular asbestos product were both at the same job site, without more, does not demonstrate that he was exposed to that product. *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162 (4th Cir.1986). As Magistrate Lefkow pointed out, the mere possibility that Tragarz could have been exposed to an Owens–Illinois asbestos product at the Fisk Street Powerhouse job site is insufficient to withstand Owens–Illinois' motion to summary judgment. *See Zimmer*, 192 Ill. App.3d at 1091, 140 Ill.Dec. at 232, 549 N.E.2d at 883.

### V. W.R. Grace

 Tragarz' claim against W.R. Grace is supported by the testimony of two of his fellow sheet metal workers: Frank Batka and Ed Sesso. Batka and Sesso stated that they were exposed to an asbestos product manufactured by W.R. Grace—namely, Zonolite asbestos spray—when they worked at the Continental Bank site. Tragarz worked directly with Batka and Sesso at Continental Bank throughout the 1970s.

This circumstance raises the inference that Tragarz was exposed to Zonolite asbestos spray at Continental Bank. Thus, the magistrate correctly concluded that summary judgment was improper—a conclusion to which W.R. Grace did not object.

### CONCLUSION

For the foregoing reasons, the court partially adopts the magistrate's report and recommendation: the motion to reconsider of defendant Owens–Illinois, Inc. is granted; the motions to reconsider of defendants Fibreboard Corporation, Owens–Corning Fiberglas Corporation, The Flintkote Company, and W.R. Grace & Company are denied. Accordingly, the court hereby enters summary judgment in favor of defendant Owens–Illinois, Inc.

IT IS SO ORDERED.