946 F.2d 897
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mark W. HARDIN, Plaintiff/Appellant,
v.
SYNTHES (USA), Defendant/Appellee.
 No. 90-2426.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 10, 1991.*
Decided Oct. 17, 1991.
 
 1
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judge
 
 ORDER
 
 2
 Mark W. Hardin appeals the district court's refusal to extend the time to file notice of appeal. We agree with the district court's decision and dismiss Mr. Hardin's appeal. On March 29, 1990, the district court granted summary judgment in favor of the appellee, A-O Synthes, Ltd., after finding that Mr. Hardin failed to file his complaint within the applicable statute of limitations. This judgment was entered on the district court docket on March 30, 1990. On May 3, 1990, more than thirty days after the summary judgment, Hardin filed an emergency motion for an extension of time to file a notice of appeal. In support of the motion, Mr. Hardin's attorney submitted an affidavit stating that he was hospitalized April 10 and 11 of 1990 and "was unable to function and practice until on or about May 2, 1990" and thus could not file on time. The district court denied the motion. It found that Mr. Gordon had not proven that he was unable to file a notice of appeal due to illness for the entire thirty-day period and had not shown why another attorney from his firm could not file. Mr. Hardin now appeals the district court's decision to deny the extension.
 
 
 3
 Rule 4(a)(1) of the Federal Rules of Appellate Procedure requires that a notice of appeal "be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from...." Under Rule 4(a)(5), however, "the district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal...." Fed.R.App.P. 4(a)(5).
 
 
 4
 The excusable neglect/good cause exception is narrowly construed. Redfield v. Continental Casualty Corp., 818 F.2d 596, 601 (7th Cir.1987); Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat, 808 F.2d 1249, 1251 (7th Cir.1987). Generally only cases involving estoppel or a reasonable failure to learn of the entry of judgment qualify. Id. at 1252. Excusable neglect is also primarily within the district court's discretion. A district court's "discretionary authority to make a determination as to the existence of 'excusable neglect' and/or 'good cause' is not to be disturbed on appeal unless there has been a clear abuse of discretion ..." Id. at 1251.
 
 
 5
 Although the excusable neglect standard is strict, it is not insurmountable. Other circuits have found excusable neglect where a disabling illness makes it impossible for counsel to file a timely notice of appeal or to communicate to others the need to file. Islamic Republic of Iran v. Boeing Co., 739 F.2d 464, 465 (9th Cir.1984), cert. denied, 470 U.S. 1053 (1985); but see Hal Commodity Cycles Management Co. v. Kirsh, 825 F.2d 1136, 1137-38 (7th Cir.1987) (appellant's contention that she was ill during pretrial conference does not establish excusable neglect under Fed.R.Civ.P. 60(b)(1)).
 
 
 6
 In appellant's case, however, the district court found that Mr. Gordon's illness did not constitute excusable neglect sufficient to require an extension of time. This finding has support in the record, and thus we must dismiss Mr. Hardin's claim. "We can only consider whether the denial of the motion was an abuse of discretion; we cannot reach the merits of the underlying judgment." Marane, Inc. v. McDonald's Corp., 755 F.2d. 106, 112 (7th Cir.1985); see also United States v. Ettrick Wood Products, Inc., 916 F.2d 1211, 1219 (7th Cir.1990) (under abuse of discretion standard, court of appeals should not reverse district court even if appellate court, reviewing the case de novo, would have decided it differently).
 
 
 7
 For the stated reasons, the district court's decision not to grant an extension was proper.
 
 
 8
 APPEAL DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record