GEORGE MATEIKA, Plaintiff-Appellant, *v.* LA SALLE THERMOGAS COMPANY *et al.*, Defendants-Appellees.

Third District    No. 80-303

Opinion filed March 23, 1981.

William La Sorella and John Olivero, both of Peru, for appellant.

Sanford R. Gail and A. Bruce White, both of Karaganis & Gail, Ltd., of Chicago, and Berry & O'Conor, of Ottawa, for appellee La Salle Thermogas Company.

Rex K. Lindner and Douglas J. Pomatto, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee Golay & Company.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of La Salle County granting summary judgment in favor of defendants, La Salle Thermogas Company (Thermogas), Rego, Inc. (Rego), and Golay & Company, Inc. (Golay), and against the plaintiff, George Mateika. On November 1, 1976, plaintiff was employed by the Bassicks Division of the Stewart Warner Corp. In the course of his employment he hooked up and began to turn a handwheel in order to open the valve of a certain liquid propane gas tank. The tank had previously been filled and delivered by Thermogas to Bassicks. The valve had been manufactured by Rego and had been assembled to the tank by Golay. When the plaintiff turned the handwheel on the valve, liquid propane gas began to leak around the stem, freezing and burning the plaintiff's hands. Before the pain set in,

plaintiff examined the valve and observed that the packing nut that is located underneath the handwheel was loose and that he could turn it with his fingers. Approximately six weeks after the occurrence, the plaintiff took photographs of the tank and valve. Subsequently the tank was mislaid and its present location is unknown.

Plaintiff filed a five-count complaint. Counts I, IV and V are products liability counts directed against each defendant. Count II is a negligence action against Thermogas, and count III is a *res ipsa loquitur* action, also directed against Thermogas. The trial court granted summary judgment in favor of the defendants as to all counts on May 16, 1980, and plaintiff appeals.

The sole issue on appeal is whether or not the trial court erred in granting the defendants' motions for summary judgment as to all counts. We affirm.

■■ Initially, we deal with the plaintiff's count dealing with the *res ipsa loquitur* action against Thermogas. This is clearly not an appropriate case for the application of the doctrine of *res ipsa loquitur* because the tank was not in Thermogas' control at the time of the occurrence. Therefore, the trial court properly granted summary judgment in favor of the defendant on the *res ipsa loquitur* count.

We next deal with the three counts alleging strict liability on the part of each of the defendants. Counts IV and V allege design defects on the part of Rego and Golay, and count I alleged the tank was defective when it was delivered by Thermogas to Bassicks.

■■■ For the plaintiff to present a prima facie strict liability case, he must produce proof of three elements: (1) the injury resulted from a condition of the product; (2) the condition was an unreasonably dangerous one; and (3) the condition existed at the time it left the defendant's control. (*Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182.) These elements may be proven inferentially, by either direct or circumstantial evidence. (*Tweedy v. Wright Ford Sales, Inc.* (1976), 64 Ill. 2d 570, 357 N.E.2d 449.) For circumstantial evidence to make out a prima facie case, it must tend to negate other reasonable causes, or there must be an expert opinion that the product was defective. (*Mullen v. General Motors Corp.* (1975), 32 Ill. App. 3d 122, 336 N.E.2d 338.) Because liability in a products liability action cannot be based on mere speculation, guess or conjecture, the circumstances shown must justify an inference of probability as distinguished from mere possibility.

■■ While a plaintiff is not normally required to prove his case at the summary judgment stage, he must present some facts to support the elements of his claim. (*Vuletich v. Alivotvodic* (1979), 73 Ill. App. 3d 927, 392 N.E.2d 663.) The trial court ruled that the plaintiff failed to satisfy this burden. We believe the trial court was correct in so holding.

■■ Plaintiff's complaint alleges that defendants Rego and Golay are strictly liable for defective design of the valve. Plaintiff contends that a second nut or some other locking device should have been used to prevent the nut from coming loose. However, plaintiff has failed to produce any evidence supporting this allegation. He has not introduced any evidence of the use of an additional locking device in any other valve used by the industry, nor has he introduced any expert testimony to the effect that the failure to have such a locking device would constitute a defect. Nor has he introduced any other evidence that would establish a design defect. All he has shown is that the nut was loose and gas leaked. This, by itself, is not sufficient to establish a design defect.

Plaintiff contends that his failure to produce an expert prior to trial should not result in summary judgment for the defendant because he will produce an expert at trial. This specific issue was dealt with in *Coleman v. Verson Allsteel Press Co.* (1978), 64 Ill. App. 3d 974, 979, 382 N.E.2d 36, 40, where the court stated:

> "It was plaintiff's responsibility, on defendant's motion for summary judgment, to bring forth all facts and evidence that he believed would satisfy his burden of proving the existence of an unreasonably dangerous condition which existed at the time the product left defendant's control and which proximately caused the injury. [Citation.] Plaintiff failed to do so and cannot claim that at trial he could have produced witnesses to substantiate his claim. [Citation.] There is nothing in this record to reveal that plaintiff needed additional time to complete discovery or preparation of his case before the motion for summary judgment was heard."

■■ Plaintiff in the instant case had sufficient time to complete discovery and preparation of his case prior to the summary judgment hearing. Therefore, he cannot claim that at trial he would have produced the necessary witnesses to prove his claim of design defect. In the absence of any evidence indicating any design defect, the trial court properly held for defendants Rego and Golay on their motions for summary judgment.

Plaintiff's complaint alleges that Thermogas is strictly liable for selling Bassicks a defective product. However, plaintiff has failed to produce any evidence to prove the allegedly defective condition existed at the time the product left Thermogas' control. The only evidence plaintiff has produced is his deposition and that of a co-worker, Anton Bulli, which state that when the plaintiff turned the handwheel on the tank the packing nut was loose and gas leaked. There is no evidence as to what condition the tank was in when it left Thermogas' control. No examination of the tank or valve was ever made after the accident occurred. The tank has since disappeared and with it disappeared any chance of examining it to determine its condition.

It is not the failure to produce the tank which prevents plaintiff from proving his allegations. It is possible to introduce sufficient evidence to establish a prima facie case of strict liability even in the absence of the allegedly defective product. (See, *e.g., Neighbors ex rel. American States Insurance Co. v. City of Sullivan* (1975), 31 Ill. App. 3d 657, 334 N.E.2d 409; *Spotz v. Up-Right, Inc.* (1972), 3 Ill. App. 3d 1065, 280 N.E.2d 23; *Gunn v. Klean-Rite Cleaners, Inc.* (1968), 94 Ill. App. 2d 352, 236 N.E.2d 762.) However, in the instant case plaintiff has simply failed to produce any evidence to support his allegation that the tank was defective at the time it left Thermogas' control.

Plaintiff's failure to provide any evidence tending to establish that the tank was defective at the time it left Thermogas' control prevents him from establishing a prima facie case of strict liability against Thermogas. Therefore, the trial court correctly granted Thermogas' motion for summary judgment with regard to the strict liability count.

The final count we consider is plaintiff's count alleging negligence against Thermogas. The same failure to produce any evidence which caused plaintiff's strict liability count to fail causes plaintiff's negligence count to fail. The lack of evidence showing the condition of the tank at the time it left Thermogas' control prevents plaintiff from showing that Thermogas knew or should have known the tank was defective when it furnished the tank to Bassicks. The trial court correctly granted Thermogas' motion for summary judgment on this count.

In summation, the trial court properly granted defendants' motions for summary judgment on all plaintiff's counts. Accordingly, the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

SCOTT, P. J., and ALLOY, J., concur.