Odila **ROMAN**, Christian Roman and Danielle Roman, minors by their mother and next friend Odila Roman, Plaintiffs,

v.

**GENERAL MOTORS CORPORATION, Defendant.**

No. 89 C 0312.

United States District Court, N.D. Illinois, E.D.

Sept. 22, 1989.

John Patrick Healy, Chicago, Ill., for plaintiffs.

John T. Hickey Jr. and Ronald S. Betman, Kirkland & Ellis, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Odila Roman, Christian Roman and Danielle Roman ("Romans") brought this strict products liability action against defendant General Motors ("GM") in the Circuit Court of Cook County, Illinois. GM removed the action to this Court, and now seeks summary judgment under Fed.R.

Civ.P. 56. For the reasons stated below, the motion for summary judgment is denied.

### Background

On January 26, 1988, Odila Roman was driving southbound on the Tri–State Tollroad in a 1987 Chevrolet Spectrum, manufactured by GM. Odila's children Christian and Danielle were passengers. As the car approached a toll booth at Irving Park road, it veered into the concrete median separating the northbound and southbound lanes. Odila, Christian and Danielle each were injured in the accident.

The cause of the accident is the central disputed issue in the case. The Romans contend that the accident was caused by a defect in the automobile's steering system. Odila Roman alleges that, just prior to the accident, the vehicle began to swerve "as it had a will of its own." (O. Roman Dep., p. 68). Odila attempted to control the swerving, but the car "suddenly went into a very hard left swerve, crossed over the far left lane and the shoulder, and hit the embankment." (*Id.*)

GM contends that the accident was caused by Odila's inattention. GM points to statements that Odila allegedly made to James Bosshardt, a state trooper who investigated the accident. Bosshardt claims that Odila told him that "she was momentarily distracted and had taken her eyes off the roadway." (Bosshardt Dep., p. 19). Furthermore, GM contends that Odila's failure to complain of a steering malfunction when she spoke with Bosshardt suggests that the steering system did not cause the accident. Finally, GM's expert witness Peter Rogulsky examined the vehicle and concluded that the steering system was not defective.

Odila Roman denies that she became distracted prior to the accident. (O. Roman Dep., pp. 102–104). Furthermore, the Romans contend that, even though she may not have made a specific reference to the steering defect, Odila told Bosshardt that the vehicle went out of control. (Pltf. Ex. 2, Bosshardt Dep., pp. 31, 33). Finally, the Romans contend that photographic evi-

dence and their examination of Rogulsky will establish a defect in the steering system.

## Standard of Review

■■■■■ "A motion for summary judgment should be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Checkers, Simon & Rosner v. Lurie Corp.*, 864 F.2d 1338 (7th Cir.1989) (citation omitted). The moving party bears the burden of establishing the absence of any disputed facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If, however, the nonmoving party bears the burden of proving an issue at trial, it also bears the burden of presenting sufficient facts on summary judgment from which a trier of fact could find in its favor, and the moving party need only "[point] out to the District Court ... that there is an absence of evidence to support the nonmoving party's case." *Id.* 106 S.Ct. at 2554; *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir.1988). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202; *Richardson v. Penfold*, 839 F.2d 392, 394 (7th Cir.1988).

## Discussion

■■■ In *Tweedy v. Wright Ford Sales, Inc.*, 64 Ill.2d 570, 2 Ill.Dec. 282, 357 N.E.2d 449 (1976), the Illinois Supreme Court discussed the necessary elements of a strict liability product defect case under Illinois law. "A *prima facie* case that a product was defective and that the defect existed when it left the manufacturer's control is made by proof that in the absence of abnormal use or reasonable secondary causes the product failed to perform in the manner reasonably to be expected in light of its nature and intended function." *Id.* 2 Ill.Dec. at 285, 357 N.E.2d 452. A plaintiff may employ direct or circumstantial evidence to make the required showing. *Id.*

GM contends that the Romans have failed to establish a *prima facie* case that the automobile was defective. GM claims that the Romans' case is deficient in two respects. First, GM argues that a plaintiff needs the testimony of an expert witness to state a *prima facie* case. Because the Romans have not indicated that they have a supporting expert witness, GM argues that it is entitled to summary judgment. Second, pointing to Odila's alleged statements to Trooper Bosshardt, GM contends the likelihood of a secondary cause of the accident defeats the Romans' *prima facie* case.

■ Contrary to GM's contention, a products liability plaintiff is not required to produce expert testimony. In *Millette v. Radosta*, 84 Ill.App.3d 5, 39 Ill.Dec. 232, 404 N.E.2d 823 (1st Dist.1980), the defendant attempted to argue that Illinois law required a products liability plaintiff to support her case with expert testimony. The court summarily rejected this argument. "[The defendants] cite no case for their assumption that a case in strict tort liability can, absent the *Tweedy* doctrine, be established only through expert testimony. This is not the rule. The plaintiff may rely on direct or circumstantial evidence to establish his case or on expert testimony; indeed, expert testimony is merely one kind of circumstantial evidence." *Id.* 39 Ill.Dec. at 245, 404 N.E.2d at 836 (citations omitted). The Court went on to hold that the plaintiff's testimony alone could create a *prima facie* case that the product was defective. *Id.* at 244, 245, 404 N.E.2d at 835, 836. *See also Varady v. Guardian Co.*, 153 Ill.App.3d 1062, 106 Ill.Dec. 908, 911, 506 N.E.2d 708, 711 (5th Dist.1987) (not necessary that plaintiff present expert testimony that product contained specific defect); *Mateika v. LaSalle Thermogas Co.*, 94 Ill.App.3d 506, 49 Ill.Dec. 649, 651, 418 N.E.2d 503, 505 (3rd Dist.1981) (expert testimony unnecessary if plaintiff's evidence negates other causes).

■■■ The cases cited by GM simply do not stand for the proposition that the *prima facie* case cannot be ·established without expert testimony. For example, GM cites

*Ralston v. Casanova,* 129 Ill.App.3d 1050, 85 Ill.Dec. 76, 473 N.E.2d 444 (1st Dist. 1984), in support of its argument. However, *Ralston* explicitly acknowledges that it is possible "to establish a *prima facie* case of strict liability even in the absence of ... expert testimony concerning the presence of specific defect in the allegedly defective product." *Id.* 85 Ill.Dec. at 83, 473 N.E.2d at 451. Accordingly, GM is not entitled to summary judgment on the ground that the Romans have not supported their case with expert testimony.

■ GM also argues that, because the Romans rely on circumstantial evidence, evidence of a reasonable secondary cause precludes the Romans from stating a *prima facie* case under *Tweedy.* GM points to the testimony of James Bosshardt. Bosshardt has testified that Odila Roman told him that she had become distracted immediately prior to the accident. GM argues that this evidence suggests a secondary cause of the accident, driver inattention.

Although GM correctly describes the relevant legal principle, we conclude that Odila Roman's testimony negates the likelihood that her inattention caused the accident. Circumstantial evidence of a product defect is only sufficient if it tends to negate other reasonable causes of the injury. *Tweedy* 2 Ill.Dec. at 285, 357 N.E.2d at 452; *Varady* 106 Ill.Dec. at 911, 506 N.E.2d at 711. In the present case, Odila Roman has stated that the car began to swerve uncontrollably as a result of a steering defect. Furthermore, she unequivocally stated that it is not possible that she became distracted before the accident. (O. Roman Dep., pp. 102–104). Viewed in the light most favorable to the plaintiff, this testimony negates the possibility that her inattention caused the accident.

■ GM suggests that we should disregard Odila Roman's testimony because it is not credible when evaluated against the testimony of Bosshardt. While Bosshardt's testimony is damaging to the Romans case, a motion for summary judgment is not a proper context for a court to choose one version of the facts over another. We cannot adhere to GM's request to make a judgment of Odila Roman's credibility. "It is not the proper office of summary judgment to resolve questions of credibility." *Mechmet v. Four Seasons Hotels, Ltd.,* 825 F.2d 1173, 1179 (7th Cir. 1987) (summary judgment would be inappropriate even though the Court described the relevant affidavit as "implausible.") *See also Black v. Lane,* 824 F.2d 561, 562 (7th Cir.1987); *Cameron v. Frances Slocum Bank & Trust Co.,* 824 F.2d 570, 575 (7th Cir.1987).

### Conclusion

For the reasons stated above, defendant General Motors' motion for summary judgment is denied. It is so ordered.