ARNULFO SANCHEZ, JR., *et al.*, Plaintiffs-Appellants, v. FIRESTONE TIRE AND RUBBER COMPANY *et al.*, Defendants (Farm and Fleet, Defendant-Appellee).

Third District   No. 3—91—0914

Opinion filed October 20, 1992.

Louis E. Olivero & Associates, of Peru (Louis E. Olivero, of counsel), for appellants.

James E. Babcock, of Wright & Babcock, Ltd., of Joliet (William G. Troka, of counsel), for appellee.

JUSTICE HAASE delivered the opinion of the court:

The plaintiffs, Arnulfo Sanchez, Jr., Sergio Sanchez, Martin de Santiago, and Gil Marquez, brought a negligence and products liability action against the defendants, Firestone Tire & Rubber Co., the Goodyear Tire & Rubber Co., and Farm & Fleet. Defendants Firestone and Goodyear were subsequently dismissed from the case and are not involved in this appeal. The trial court granted defendant Farm & Fleet's motion for summary judgment. The plaintiffs appeal from that decision.

The record reveals that sometime in August 1984, plaintiffs Arnulfo Sanchez, Jr., and Sergio Sanchez purchased a Goodyear inner tube from a Goodyear store. They also purchased two Firestone tires from Farm & Fleet in Ottawa, Illinois. Several days later, the two returned to the Ottawa Farm & Fleet and had the service department install the Firestone tires and the inner tube on the rear rims of their 1974 Ford pick-up truck. Through the rest of August and most of September, Arnulfo drove the truck on a regular basis in La Salle County, Illinois. Around September 30, 1984, Arnulfo and Sergio drove the truck from Peru, Illinois, to northern Mexico, where they picked up plaintiffs Martin de Santiago and Gil Marquez. Thereafter, an accident occurred in which all the plaintiffs were injured. The plaintiffs alleged that the accident occurred when the recently purchased Goodyear inner tube lost air pressure and exploded, causing the vehicle to lose control and overturn. The inner tube was not found following the accident and was not produced at trial.

The plaintiffs' expert witness, Dr. Oscar E. Kurt, testified in his deposition that he examined the tire and rim involved in the accident. He noted that the tire and rim did not have any defects. From his examination, he concluded that the tire lost air pressure either because the installer pinched the tube during installation, causing it to leak, or "the slit side lock ring on the wheel came out of place permitting the bead to come off that side of the rim, and with an exposed bead, caused the tire to blow out and the vehicle to roll over." Dr. Kurt admitted that in the only other pinched inner tube situation that he was personally aware of a truck tire deflated after only 17 miles of travel.

On appeal, the plaintiffs argue that the trial court erred in granting summary judgment for the defendant based on the unavailability of the inner tube.

A motion for summary judgment should be granted if the pleadings, depositions, affidavits, and admissions on file show that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(c).) In ruling on a motion for summary judgment, the trial court should construe the pleadings, affidavits, exhibits and depositions most strictly against the moving party and most liberally in favor of the opponent. *Staton v. Amax Coal Co.* (1984), 122 Ill. App. 3d 631, 461 N.E.2d 612.

■ In a products liability case, the plaintiff must prove that his injury or damage resulted from a condition of the product, that the condition was an unreasonably dangerous one, and that the condition existed at the time it left the manufacturer's control. (*Suvada v.*

*White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182; *Stewart v. B.F. Goodrich Co.* (1987), 153 Ill. App. 3d 1078, 506 N.E.2d 783.) These elements may be proven inferentially, by either direct or circumstantial evidence. (*Mateika v. La Salle Thermogas Co.* (1981), 94 Ill. App. 3d 506, 418 N.E.2d 503.) Proper circumstantial evidence includes either proof that tends to exclude other extrinsic causes or expert testimony that the product was defective. (*Mullen v. General Motors Corp.* (1975), 32 Ill. App. 3d 122, 366 N.E.2d 388.) However, liability in a products liability action cannot be based on mere speculation, guess, or conjecture, and the circumstances shown must justify an inference of probability as distinguished from mere possibility. *Mateika v. La Salle Thermogas Co.* (1981), 94 Ill. App. 3d 506, 418 N.E.2d 507.

Although at the summary judgment stage the plaintiff is not normally required to prove his case, he nevertheless must present some facts to support the elements of his claim. (*Stewart v. B.F. Goodrich Co.* (1987), 153 Ill. App. 3d 1078, 506 N.E.2d 783.) The requirement that the plaintiff establish the precise cause of his injury may, at times, be excused in an action grounded on strict liability in tort; however, the plaintiff must establish some credible basis for the reasonable inference that a condition of the product caused the injury. *Stewart v. B.F. Goodrich Co.* (1987), 153 Ill. App. 3d 1078, 506 N.E.2d 783.

In *Shramek v. General Motors Corp.* (1966), 69 Ill. App. 2d 72, 216 N.E.2d 244, the plaintiff purchased a new automobile which had new tires. One of the tires blew up after it had been driven 10,000 miles eight months after it was purchased. The blown-out tire was unavailable. The *Shramek* court did not permit the case to go to the jury. It noted that it would be impossible for the plaintiff to prove his case, either by direct or circumstantial evidence, without the tire itself. The court concluded that a determination of why the tire blew out could only be left to pure speculation, and where the evidence presented indicates only a mere possibility that the defendant was negligent, the case must be removed from the jury's consideration.

The plaintiffs argue that *Shramek* is distinguishable from the present case because here the plaintiff introduced expert testimony. ■ We disagree. *Shramek* is indistinguishable from the present case. While we are aware that no expert testimony was presented in *Shramek*, we do not find that the expert testimony in the present case indicated anything more than a mere possibility that the inner tube was improperly installed. It was undisputed that the plaintiffs' expert never examined the inner tube or any photographs thereof.

Moreover, the plaintiffs drove with the inner tube in question for over 3,000 miles before the accident occurred in Mexico. Under the circumstances, we find that the trial court properly granted the defendant's motion for summary judgment.

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

McCUSKEY and STOUDER, JJ., concur.